**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**Case No. 9:25-cv-80146**

TOLL SOUTHEAST LP COMPANY, INC.,
a Delaware corporation,

      Plaintiff,

v.

BOCA RATON EXECUTIVE COUNTRY
CLUB CORP., a Florida corporation,

      Defendant.

_____/

**COMPLAINT**

Plaintiff, Toll Southeast LP Company, Inc. ("Plaintiff"), by and through its undersigned counsel, Fox Rothschild LLP, files this Complaint against Defendant, Boca Raton Executive County Club Corp. ("Defendant" or "BRECC"), and states as follows:

**INTRODUCTION**

1.     Plaintiff and Defendant entered into an agreement for the sale of real property, and, throughout a period of seven months, incorporated a series of amendments to the agreement, all of which were fully executed by the same signatory on behalf of Defendant—Raelynne (Rae) Kotler, the Defendant's President (the "BRECC President" or "Kotler"). An executed copy of the agreement—including its five (5) subsequent amendments (collectively, the "Sale Agreement")—is attached hereto as "**Exhibit A**."

167422472.3

2.      For months, Plaintiff relied on the fully executed agreement and its various amendments, investing significant time, money and resources toward purchasing/contracting for the subject property, planning for the anticipated/intended use of the property, obtaining city-approval to build residential lots on the property and ultimately closing on the property.

3.      Plaintiff has attended various city council meetings, hired numerous professionals and has otherwise invested substantial time, funds and resources to meet its obligations under the Sale Agreement.

4.      As such, Plaintiff reasonably expected—and still expects—BRECC to proceed with effectuating the valid, enforceable and binding Sale Agreement that the parties' respective authorized representatives indisputably executed.

5.      At no time prior to the execution of the Sale Agreement did BRECC ever notify Plaintiff and/or raise any issues concerning Kotler's authority (or alleged lack thereof) to execute the Sale Agreement on behalf of BRECC.

6.      However, suddenly, unexpectedly and after the Sale Agreement was duly executed, the attorney (and part shareholder) of BRECC has taken the position that BRECC is repudiating the Sale Agreement, alleging that while Kotler had authority to execute the initial portion of the Sale Agreement and the First Amendment, she did not have authority to execute the last four amendments of the Sale Agreement.

7.      As set forth herein, Defendant's position regarding Kotler's authority is not supported by the relevant facts or applicable law.

2

8.      As such, Plaintiff has filed this action to: (a) hold Defendant accountable for its repeated and unequivocal repudiation of the Sale Agreement; (b) enforce the Sale Agreement; (c) obtain specific performance from the Defendant to proceed with and effectuate the agreed-upon sale of the subject real property as provided by the plain terms of the Sale Agreement; and (d) toll all time periods under the Sale Agreement until the full resolution of this action (whereby the Sale Agreement shall resume at the end of the inspection period, and all subsequent deadlines shall be extended commensurate with the stay/tolling).

## PARTIES

9.      Plaintiff is a corporation organized under the laws of Delaware with its principal place of business located at 1140 Virginia Drive, Fort Washington, Pennsylvania 19034. Accordingly, Plaintiff is a citizen of Delaware and Pennsylvania.

10.     Defendant is a corporation organized under the laws of Florida with its principal place of business located at 7601 East Country Club Boulevard, Boca Raton, Florida 33487. Accordingly, Defendant is a citizen of Florida.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the Plaintiff and the Defendant, and the amount in controversy in this action exceeds $75,000.00, exclusive of interest, attorney's fees, and costs.

3

167422472.3

12.     Venue is appropriate in the Southern District of Florida pursuant to 28 U.S.C. §1391(b)(2) because a substantial portion of the facts giving rise to the causes of action set forth in this Complaint occurred in this District. More specifically, the real property at issue is located in Boca Raton, Florida and Defendant maintains its business in and around Boca Raton, Florida.

**FACTUAL ALLEGATIONS**

**I.     The Sale Agreement.**

13.     Defendant entered into the Sale Agreement with Plaintiff, pursuant to which Defendant agreed to sell to Plaintiff certain real property, identified in the agreement as the Hidden Valley Golf Course (the "Property"). *See* Ex. A.

14.     The Sale Agreement, dated February 8, 2024, was executed by the BRECC President (Kotler) on behalf of BRECC.

15.     The Sale Agreement sets forth, in pertinent part:

> 13.     Seller's Covenants. Representations and Warranties. Seller makes the following covenants, representations and warranties below, which shall be true and correct as of the Effective Date and on the Closing Date:
>
> a.     Representations and Warranties:
>
> ***
>
> iii. Seller is duly organized, existing and in good standing under the Jaws of the State of Florida, and is duly qualified to transact business in the State of Florida. Seller has not filed, voluntarily or involuntarily, for bankruptcy relief within the last six (6) months under the laws of the United States Bankruptcy Code, nor has any petition for bankruptcy or receivership been filed against Seller within the last

4

> six (6) months. Seller is not insolvent. Seller is, and at Closing will be, authorized and permitted to enter into this Agreement and to perform all covenants to be performed by Seller hereunder, and **Seller's right to execute this Agreement is not limited. The individual executing this Agreement on behalf of Seller has all necessary power and authority to so execute this Agreement and to bind Seller to the terms hereof**.

*See id.*, pp. 10-11, ¶ 13 (a)(iii) (emphasis added).

16. The Sale Agreement was subsequently amended several times.

17. On April 15, 2024, the Sale Agreement was amended for the first time (the "First Amendment").

18. The First Amendment, in pertinent part, extended the inspection period, through August 20, 2024, and modified the purchase price based on lot size approval (the "First Amendment").

19. The First Amendment was executed by Kotler, the BRECC President, on behalf of BRECC.

20. On August 17, 2024, the Sale Agreement was amended for a second time, wherein Defendant agreed to extend the inspection period through September 17, 2024 (the "Second Amendment").

21. The Second Amendment was again executed by Kotler on behalf of BRECC.

22. On September 16, 2024, Defendant agreed to amend the Sale Agreement for a third (the "Third Amendment") and a fourth time (the "Fourth Amendment").

23. The Third Amendment extended the inspection period through September 24, 2024.

167422472.3

24.     The Fourth Amendment again extended the inspection period, through October 1, 2024, modified the purchase price based on lot size approval, and provided seller credit for required offsite improvements.

25.     The Third Amendment was again executed by Kotler on behalf of BRECC.

26.     The Fourth Amendment was again executed by Kotler on behalf of BRECC.

27.     On October 1, 2024, the Sale Agreement was amended for a fifth time, wherein Defendant agreed to suspend and toll all time periods under the Sale Agreement, through December 31, 2024 (the "Fifth Amendment").[1]

28.     The Fifth Amendment was again executed by Kotler on behalf of BRECC.

## II.     Seller's Remorse and Repudiation.

29.     In its dealings concerning the subject property, Defendant clearly, and early on, represented to Plaintiff that Kotler possessed the actual and/or apparent authority to execute the Sale Agreement on behalf of BRECC.

30.     The BRECC President was designated by Defendant to execute the Sale Agreement on February 8, 2024, under which Defendant represented that its right to

---

[1] Certain sensitive information contained in the Sale Agreement (i.e., certain amounts and numbers) have been redacted. Such amounts and numbers are not relevant to and/or required for this Court (or the trier of fact) to determine whether the parties have a valid, enforceable agreement, including whether Kotler possessed authority (actual and/or apparent) to execute the Sale Agreement and bind Defendant to its terms. Should the Court require an unredacted copy of the Sale Agreement, Plaintiff can file same under seal.

167422472.3

execute the Sale Agreement was *not* limited and its President had the necessary authority to execute and bind the Defendant to its terms. *See id.*, pp. 10-11, ¶ 13 (a)(iii).

31.    At no point until after the Fourth Amendment was executed did BRECC ever advise Plaintiff or take their newly formed argument that Kotler (allegedly) no longer possessed authority to bind BRECC.[2]

32.    Furthermore, it was not until the Sale Agreement, together with its amendments were fully executed, that Defendant took the firm position of refusing to proceed with the Sale Agreement consistent with its terms.[3] Despite Plaintiff's multiple letters requesting that Defendant not take such a position and confirm it would proceed with the Agreement consistent with its terms, Defendant has refused, and has taken the position it will not honor the fully executed Second, Third, Fourth and Fifth Amendments.

33.    Notably, notwithstanding the letters from BRECC's counsel, Kotler has maintained, and continues to maintain, that at all times she had full authority to enter into the (entire) Sale Agreement on behalf of BRECC, including all five amendments.

---

[2] Defendant's position regarding whether Defendant agreed to certain amendments has been inconsistent. In or around the end of September 2024, Defendant affirmed Kotler had authority to enter the Sale Agreement, including its First Amendment, Second Amendment, and Third Amendment, but did not have authority to enter the Fourth Amendment. Since that time, Defendant has repudiated the Sale Agreement and now alleges Kotler did not have the authority to enter the Second, Third, Fourth and Fifth Amendments of Sale Agreement.

[3] BRECC's attorney sent Plaintiff a letter terminating the Sale Agreement in its entirety on November 2, 2024.

7

167422472.3

## COUNT I
## SPECIFIC PERFORMANCE

34. Plaintiff incorporates and realleges the allegations contained in paragraphs 1 through 33 above as if fully set forth herein.

35. Plaintiff entered into a valid, enforceable, and binding Sale Agreement with Defendant, through which Defendant agreed to sell the Property to Plaintiff. *See* Ex. A.

36. The Sale Agreement, as amended, is currently in effect, binding on Plaintiff and Defendant, and can be specifically enforced.  *Id.*, p. 15, ¶ 18.

37. Plaintiff is ready, willing, and able to perform any and all remaining obligations required by the Sale Agreement.

38. Defendant has failed to perform its contractual obligations under the Sale Agreement by, *inter alia*, repudiating the Sale Agreement, refusing to fully and timely perform, failing to honor the purchase price contractually agreed to by the parties, and, on several occasions, expressly stating it will not move forward with the Sale Agreement under the terms required by the contract.

39. Defendant is able and has the means, authority, and power to perform its contractual obligations and is choosing not to perform.

40. Plaintiff is entitled to an order directing Defendant to specifically perform its contractual obligations, and to an award of incidental damages resulting from Defendant's nonperformance of its obligations.

41. Specific performance is the only adequate remedy available to Plaintiff because the Property is unique, and compensatory damages would be inadequate to

167422472.3

uphold the purpose of the bargained for agreement, particularly since Plaintiff wishes to build and sell homes on the subject Property. Furthermore, <u>Defendant and Plaintiff contractually agreed that Plaintiff, at its option, may seek specific performance of Defendant's obligations under the Sale Agreement</u>. *Id*.

42.     Accordingly, this Court may enter an order requiring Defendant to abide by the Sale Agreement, including all five of its amendments, and awarding costs and attorney's fees, with interest thereon.

**COUNT II**
**BREACH OF CONTRACT**

43.     Plaintiff incorporates and realleges the allegations contained in paragraphs 1 through 33 above as if fully set forth herein.

44.     Plaintiff entered into the Sale Agreement with Defendant to purchase the Property.

45.     Defendant breached the Sale Agreement with Plaintiff by, *inter alia*, refusing to fully and timely perform its obligations as required under the Sale Agreement (including its Amendments thereto), failing to honor the purchase price contractually agreed to by the parties, and, on several occasions, expressly stating it will not move forward with the Sale Agreement under the terms required by the contract, and failing to cure such breaches despite notice.

46.     Pursuant to the Sale Agreement, Plaintiff, at its option, may: (a) terminate the agreement; <u>(b) **grant extensions it deems proper under circumstances without waiving any other remedy provided by the agreement**</u>; or (3) **may seek specific**

9

**performance of Defendant's obligations under the agreement.** *See* Ex. A, p. 15, ¶ 18 (emphasis added).

47.     Plaintiff has and will continue to suffer damages as a result of Defendant's repeated and unequivocal repudiation of the Sale Agreement and continuous delay. Plaintiff has spent almost a year attending various city council meetings; investing in plans, permits, studies, and consultations; hiring counsel, architects, and other professionals; and otherwise spending substantial time and resources to meet its obligations, uphold the purpose of the bargained for agreement, and obtain residential lot approval of the unique Property.

48.     Accordingly, pursuant to the Sale Agreement, Plaintiff demands judgment against Defendant for specific performance, plus declaratory relief, costs and attorney's fees, with interest thereon, and any further relief that is just and proper.

**COUNT III**
**DECLARATORY JUDGMENT**

49.     Plaintiff incorporates and realleges the allegations contained in paragraphs 1 through 33 above as if fully set forth herein.

50.     This is an action for declaratory judgment against Defendant to determine: (a) whether Kotler—the BRECC President and sole signatory to the entire Sale Agreement on behalf of BRECC—had authority, under the agreement and Florida law, to execute the Amendments that Defendant alleges it is not obligated to abide by; (b) whether Kotler bound Defendant to the agreed terms under the Sale Agreement, as amended; and (c)

167422472.3

whether BRECC must abide by the contractual terms and effectuate the sale of the Property as set forth in the fully executed Sale Agreement.

51.     The facts alleged herein and above are proper for declaratory relief from the Court under 28 U.S.C.A. § 2201 and Fla. Stat. §§ 86.011-86.031.

52.     There is a bona fide dispute between Plaintiff and Defendant, as Defendant disputes that Kotler possessed authority to agree to some of the Amendments of the Sale Agreement. *See* Ex. A.

53.     Plaintiff has a justiciable question as to the existence or non-existence of a right, status, immunity, power, or privilege, or as to the existence of some fact upon which the existence of such right, status, immunity, power, or privilege does or may depend.

54.     Plaintiff is in doubt as to the right, status, immunity, power, or privilege upon which Defendant's claims are based.

55.     There is a bona fide, actual, present need for a declaration as to the enforceability of the Amendments to the Sale Agreement, as they apply to the parties hereto.

56.     The relief sought is not merely the giving of legal advice or the answer to questions propounded from curiosity.

57.     Accordingly, Plaintiff is entitled to a declaratory judgment concerning the enforceability of the Amendments to the Sale Agreement (which Defendant contends it is not bound by, or obligated to abide by, despite its President's authorized execution of the Amendments) and an equitable suspension and toll of all time periods under the Sale

11

Agreement, including the inspection period, until and through the full resolution of this action.

<strong><u>PRAYER FOR RELIEF</u></strong>

**WHEREFORE**, Plaintiff, Toll Southeast LP Company, Inc., prays for the following relief:

(a) Declaratory judgment in Plaintiff's favor and against Defendant, finding Kotler possessed authority, actual and/or apparent, to execute the Sale Agreement, including the five duly executed Amendments thereto;

(b) An Order requiring Defendant to abide by the Sale Agreement; granting Plaintiff specific performance of Defendant's obligations under the Sale Agreement, as Plaintiff is contractually entitled to; and tolling all time periods for the performance of obligations under the Sale Agreement, including the inspection period, until and through the resolution of this action, whereby, upon the conclusion of this action, the agreement shall resume at the end of the inspection period and all subsequent deadlines shall be extended commensurate with the stay/tolling;

(c) An award of damages, including reasonable attorney's fees and costs incurred and to be incurred by Plaintiff in connection with the enforcement of the Sale Agreement, interest, and all other amounts due to Plaintiff under the Sale Agreement and applicable law, including, but not limited to, Section 20 (c) of the Sale Agreement; and

12

167422472.3

(d) Such other and further relief as the Court determines is just and appropriate.

## DEMAND FOR JURY

Plaintiff, Toll Southeast LP Company, Inc., herby demands trial by jury for all issues so triable.

Date: January 31, 2025

Respectfully submitted,

**FOX ROTHSCHILD LLP**

/s/Seth B. Burack
Seth B. Burack
Florida Bar No: 68360
Selene C. Vazquez
Florida Bar No. 1026093
777 S. Flagler Drive
Suite 1700 – West Tower
West Palm Beach, FL 33401
Tel: 561.804.4418
Fax: 561.835.9602
sburack@foxrothschild.com
svazquez@foxrothschild.com

Brett A. Berman
*Pro Hac Vice Forthcoming*
2001 Market Street
Suite 1700
Philadelphia, PA 19103
Tel: 215.299.2842
Fax: 215.299.2150
bberman@foxrothschild.com

*Attorneys for Toll Southeast LP Company, Inc.*

13

167422472.3